# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **ARLECIA MARTIN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-00656-TWT-AJB** |
| **v.** | : | |
| | : | |
| **CITIMORTGAGE, MORTGAGE** | : | |
| **ELECTRONIC REGISTRATION** | : | |
| **SYSTEMS, INC., and** | : | |
| **ARK-LA-TEX FINANCIAL** | : | |
| **SERVICES LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the

same be filed and a copy, with a copy of this order, be served upon counsel for the

parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

AO 72A
(Rev.8/8
2)

made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this __3rd__ day of __August__, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | | |
|---|---|---|
| **ARLECIA MARTIN,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-00656-TWT-AJB** |
| **v.** | : | |
| | : | |
| **CITIMORTGAGE, MORTGAGE** | : | |
| **ELECTRONIC REGISTRATION** | : | |
| **SYSTEMS, INC., and** | : | |
| **ARK-LA-TEX FINANCIAL** | : | |
| **SERVICES LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

Currently before the Court are the following three motions: (1) a FED. R. CIV. P. 12(b)(6) motion to dismiss by Mortgage Electronic Registration Systems, Inc., ("MERS"), [Doc. 6]; (2) a FED. R. CIV. P. 12(b)(6) motion to dismiss, or alternatively, motion for more definite statement as to certain claims by Ark-La-Tex Financial Services, LLC, d/b/a Benchmark Mortgage ("Benchmark"), [Doc. 7]; and (3) a FED. R. CIV. P. 12(b)(6) motion to dismiss by Citimortgage, [Doc. 10]. The undersigned also *sua sponte* addresses whether Plaintiff has served process on Defendant Promortgage. For the reasons that follow, the undersigned

AO 72A
(Rev.8/8
2)

**RECOMMENDS** that the District Court: (1) *sua sponte* **DISMISS** Promortgage pursuant to FED. R. CIV. P. 4(m); (2) **GRANT** the motion to dismiss, [Doc. 6], by MERS; (3) **GRANT** the motion to dismiss by Benchmark, [Doc. 7]; (4) **GRANT** the motion to dismiss by Citimortgage, [Doc. 10]; (5) *sua sponte* **DISMISS** Plaintiff's Uniform Commercial Code rescission claims against MERS, Benchmark, and Citimortgage; (6) *sua sponte* **DISMISS** Plaintiff's 12 U.S.C. § 2604 claims against Benchmark and Citimortgage; and (7) *sua sponte* **DISMISS** Plaintiff's 12 U.S.C. § 2605(c) claims against MERS.

### *Introduction*

On March 8, 2010, Plaintiff, proceeding *pro se*, filed the instant civil action against the following four Defendants: (1) Citimortgage; (2) Benchmark; (3) MERS; and (4) Promortgage. [Doc. 1]. Plaintiff then filed an amended complaint on March 17 against the same Defendants.[1] [Doc. 3]. In the amended complaint, Plaintiff complains about the circumstances surrounding an August 4, 2004, loan obtained from

---

[1]     Plaintiff has used a variation of a generic complaint form that is circulating among *pro se* litigants in this Court. *See, e.g.*, Complaint at Doc. 1 in *Carr v. Mid-Atlantic Financial Services, Inc.*, 1:10-cv-0477-TWT; Complaint at Doc. 1 in *Wade v. Countrywide Home Loans et al.*, 1:09-cv-1783-ODE; Complaint at Doc. 1 in *Ajavon v. Countrywide Home Loans et al.*, 1:09-cv-104-TCB; *see also* Exhibits A-C in Doc. 6 (MERS's motion to dismiss).

AO 72A
(Rev.8/8
2)

Benchmark, which allowed Plaintiff to purchase property located at 3911 John Hopkins Court in Decatur, Georgia ("the John Hopkins home").  [*See id.* at 1].  Although unclear, Plaintiff appears to assert that Defendants violated various federal laws,[2] by inflating the appraisal of the home, charging excessive fees, not disclosing closing documents, and failing to provide proper notice of the loan's assignment.  [*See id.*].  She also appears to believe that she is entitled to rescission under the Uniform Commercial Code.  [*Id.* at 5].

Beginning on April 7, 2010, the Defendants, MERS, Benchmark, and Citimortgage, filed motions to dismiss Plaintiff's amended complaint pursuant to FED. R. CIV. P. 12(b)(6).  [*See* Doc. 6 (MERS); Doc. 7 (Benchmark); Doc. 10 (Citimortgage)].  Plaintiff did not respond to any of these motions.  [Dkt.].  With the briefing period completed, the Court turns to the merits of Defendants' motions.

---

[2]     Plaintiff lists a number of federal laws throughout the complaint, including: the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1 *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 *et seq.* ("RESPA"); the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA").  [*See generally* Doc. 1].

3

***Discussion***

A.    *Plaintiff's Failure to Respond*

Under this Court's Local Rules, the "[f]ailure to file a response shall indicate that there is no opposition to the motion." N.D. Ga. R. 7.1B; *Welch v. Delta Airlines, Inc.*, 978 F. Supp. 1133, 1148 (N.D. Ga. 1997). "[T]he court, in its discretion, may waive a Local Rule." *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994). Additionally, courts generally do not grant a motion to dismiss based on a *pro se* plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). As a result, the undersigned addresses the merits of Defendants' motions despite Plaintiff's failure to respond, but before turning to the motions, the undersigned addresses Plaintiff's failure to serve process on Promortgage.

4

B.      *Service of Process*

Under Federal Rule of Civil Procedure Rule 4(m), a plaintiff has 120 days following the filing of a complaint to serve the defendant.  *See* FED. R. CIV. P. 4(m); *see Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Thus, in the context of this case, Plaintiff had until 120 days after March 8, 2010, *i.e.*, until July 6, 2010, to serve Defendants.  A district court may *sua sponte* dismiss an action against a defendant without prejudice when the plaintiff has not served the defendant if the court gives notice to the plaintiff.  *See* FED. R. CIV. P. 4(m).

The undersigned concludes that Plaintiff's claims against Promortgage should be dismissed *sua sponte* for failure to serve this Defendant.  Plaintiff has not filed a return of service form pursuant to FED. R. CIV. P. 4(l), and the Docket does not otherwise reflect that Plaintiff has served process on Promortgage.  As a result, there is no evidence that Plaintiff successfully served Promortgage by July 6, 2010.  As a result, the undersigned concludes that Plaintiff's claims against Promortgage are subject to dismissal without prejudice pursuant to Rule 4(m).

Before the District Court may dismiss these claims, the Court must give notice to Plaintiff.  *See* FED. R. CIV. P. 4(m).  The undersigned's Report and Recommendation serves as notice to Plaintiff that the District Court is contemplating dismissing

5

AO 72A
(Rev.8/8
2)

Promortgage under Rule 4(m).  *See United States v. Willis*, 273 F.3d 592, 597 n.6 (5th Cir. 2001) ("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and [party] then had an opportunity to argue against the magistrate's findings to the district court."); *cf. Shivers v. Int'l Brotherhood of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant of summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment). Plaintiff may avoid dismissal of the claims against Promortgage by filing objections to this Report and Recommendation in which Plaintiff either shows that Promortgage was served or "shows good cause for the failure" to serve Promortgage.  FED. R. CIV. P. 4(m).  Accordingly, the undersigned **RECOMMENDS** that the Plaintiff' claims against Promortgage be **DISMISSED WITHOUT PREJUDICE** if Plaintiff does not establish good cause for the failure to serve Promortgage or fails to show that this Defendant was served in the objections to this Report and Recommendation.

6

C.      *Rule 12(b)(6)*

    1.      *Facts*[3]

Promortgage obtained an appraisal for the John Hopkins home that was inaccurate and inflated. [Doc. 3 at 2]. On August 4, 2004, Plaintiff obtained a loan from Benchmark to purchase the John Hopkins residence. [*Id.* at 1]. MERS is listed as nominee for the lender. [*Id.* at 3]. Due to the inflated home appraisal, Plaintiff "paid a very high cost for th[e] property." [*Id.* at 2].

Prior to or during the loan closing, Benchmark did not provide Plaintiff with all disclosures. Plaintiff did not receive the early disclosure statements, the special information booklet, the controlled business arrangement disclosure, and notices of cancellation. [*Id.* at 2].

---

[3]      In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott*, --- F.3d ----, ----, 2010 WL 2595585, *3 (11th Cir. June 30, 2010); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact). However, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal v. Ashcroft*, --- U.S. ---, 129 S. Ct. 1937, 1950-51 (2009)). Thus, it appears that inferences are drawn in a light most favorable to the plaintiff, unless the court finds obvious, lawful explanations for the factual allegations. The undersigned does not address this apparent conflict concerning inferences, but instead merely notes its existence.

Plaintiff appears to allege that Benchmark charged excessive fees by charging a $50 processing fee, a $300 administration fee, and a $200 document preparation fee. [*Id.*].  Plaintiff believes that some entity was provided an illegal kickback.  [*Id.* at 3].

Plaintiff's loan was transferred several times.  [*Id.* at 2].  At an unspecified date, the loan was transferred to Citimortgage, but Plaintiff was not given a "minimum of 15 days . . . before the transfer."  [*Id.* at 2].  At some point, the loan became part of a pool of securities to be sold as an investment.  [*Id.* at 2].

At an unspecified date, Plaintiff sent a rescission letter "to the parties involved."  [*Id.* at 3].  Plaintiff believes that she is entitled to rescission under TILA, its Regulation Z, HOEPA, and the Uniform Commercial Code.  [*Id.*]

      2.     *Defendants' Contentions*

          a.     MERS

MERS first argues that to the extent that Plaintiff brings claims under the FTC Act, the ECOA, and the FCRA, these claims should be dismissed because: (1) Plaintiff's allegations do not support claims under the ECOA and FCRA; and (2) the FTC Act does not provide a private right of action.  [Doc. 6 at 3 n.4].  MERS next argues that Plaintiff's invocation of TILA without factual allegations does not support a claim under the *Twombly*/*Iqbal* standard.  [*Id.* at 3-4].  MERS asserts that since

8

Plaintiff alleged that she used the loan to purchase property, Plaintiff cannot seek rescission. [*Id.* at 7 n.9]. MERS contends that even if Plaintiff's complaint stated claims under TILA, the claims seeking damages and rescission are time barred under TILA's one year statute of limitations and three year statute of repose. [*Id.* at 5-7]. Finally, MERS argues that Plaintiff's RESPA claims, to the extent that they are asserted, are time barred or are brought under provisions of RESPA that do not provide a private right of action. [*Id.* at 5 n.7].

b.     *Benchmark*

Benchmark first argues that Plaintiff's TILA and HOEPA claims for damages and rescission are time barred because they have been filed after the one year statute of limitations expired and the three year statute of repose ran. [Doc. 7 at 6-8]. Benchmark next argues that Plaintiff has not clearly stated RESPA violations against Benchmark and even if she had, the claims are time barred under the one year and three year statutes of limitations for RESPA claims. [*Id.* at 8-9]. Additionally in the event that RESPA claims were to survive, Benchmark requests that Plaintiff be directed to file a more definite statement to identify specific facts that give rise to RESPA violations. [*Id.* at 8 n.14]. Benchmark next argues that if these arguments fail or if Plaintiff is deemed to bring FTC Act, ECOA, and FCRA claims, they should be

9

dismissed under *Iqbal*/*Twombly* as insufficiently plead because the allegations in the complaint are unclear.  [*Id.* at 9-10].  Finally, Benchmark argues that Plaintiff cannot bring claims under: (1) the FTC Act because it does not provide for a private right of action; (2) the ECOA because Plaintiff's complaint does not hint at discrimination in lending and the claims are time barred; and (3) the FCRA because the two year statute of limitations has expired.  [*Id.* at 10-11].

c.    *Citimortgage*[4]

Citimortgage first argues that Plaintiff's TILA and RESPA claims are time barred in that they accrued at the time of the loan, but were not brought until nearly three to five years after the limitation periods for these statutes had run.  [Doc. 10 at 5-6].  Citimortgage notes that Plaintiff's complaint about the assignment of the loan relates to Benchmark, not Citimortgage, so it does not address this claim.  [*Id.* at 6 n.3].  Citimortgage next appears to argue under *Twombly*/*Iqbal* that Plaintiff has not stated any claims against it because Plaintiff made no allegations that Citimortgage committed any wrong against her.  [*Id.* at 7].  Citimortgage finally argues that Plaintiff is not

---

[4]    Citimortgage's motion to dismiss purports to seek dismissal of claims against both Citimortgage and MERS.  [*See* Doc. 10].  Since MERS previously filed a motion to dismiss, the undersigned concludes that motion is only brought on behalf of Citimortgage.

10

entitled to rescission because she has not repaid, did not allege that she was willing to repay, and did not allege that she was capable of repaying the loan proceeds, and that repayment is a precondition for rescission. [*Id.* at 7-8].

       *3.    Discussion*

           *a.    Rule 12(b)(6) Motion to Dismiss Standard*

A party may move to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To state a claim under the Federal Rules, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)). Under the Supreme Court's *Twombly* decision and its progeny (*Erickson v. Pardus*, 551 U.S. 89 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)), the Rule 8 requirement is satisfied when the complaint contains

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

11

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .

*Iqbal*, 129 S. Ct. at 1949 (internal punctuation and citations to *Twombly* omitted). A court "may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1951). This interpretation of the Rule 8 standard applies to *pro se* litigants although *pro se* litigants' complaints are held to less stringent standards and are liberally construed. *See Erickson*, 551 U.S. at 94.

### b.    *Statutes of Limitations*

Plaintiff appears to raise claims against Defendants for violations under TILA, HOEPA, and RESPA, which Defendants seek to dismiss on statute of limitations grounds. When the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). The undersigned therefore turns

12

to whether the allegations in Plaintiff's complaint show that the TILA, RESPA, and

HOEPA claims are time barred.

Actions for monetary damages under TILA and HOEPA must be brought "within

one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e)[5]; *see*

*also Velardo v. Fremont Investment & Loan*, No. 08-12387, 2008 WL 4768850, *2

(11th Cir. Nov. 3, 2008); *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).  "The

violation 'occurs' when the transaction is consummated."  *In re Smith*, 737 F.2d at

1552.  Under RESPA, claims arising under 12 U.S.C. § 2607 must be brought within

one year of the violation.  *See* 12 U.S.C. § 2614.[6]

---

[5]      The Home Ownership and Equity Protection Act amended TILA.  *See Byrant v. Mortg. Capital Resource Corp.*, 197 F. Supp. 2d 1357, 1360 & n.4 (N.D. Ga. 2002) (Martin, J.); *see also Frazier v. Accredited Home Lenders, Inc.*, 607 F. Supp. 2d 1254, 1256 (M.D. Ala. 2009).  Therefore, the limitation periods for HOEPA and TILA claims are the same.  *See also In re Community Bank of Northern Virginia*, 418 F.3d 277, 304-05 (3d Cir. 2005) ("An affirmative action under HOEPA must be brought within one year of the violation . . .and an action for rescission must be brought within three years[.]") (citations omitted).

[6]      These statutes of limitations may be subject to equitable tolling.  *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998) (finding tolling applies to TILA statute of limitations); *McCarley v. KPMG Int'l*, 293 Fed. Appx. 719, 722-23 n.6 (11th Cir. 2008) (assuming that tolling applies to RESPA statute of limitations).  Equitable tolling will be applied only in exceptional circumstances.  *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993).  There is no indication that extraordinary circumstances exist in this case.  First, Plaintiff's complaint makes no allegations indicating that there are any exceptional circumstances.  Indeed, that

13

The undersigned first concludes that Plaintiff's claims for damages under 12 U.S.C. § 2607 of RESPA are time barred.  Plaintiff has complained about disclosures of loan terms and finance charges stemming from an August 4, 2004, loan. Under 12 U.S.C. § 2607(a) and (b), a party who is involved in real estate settlement services is prohibited from accepting fees for referrals and kickbacks and from splitting charges.  Plaintiff's complaints about fees and kickbacks stemming from the August 2004 loan may implicate this provision.  To the extent that Plaintiff asserts that the fees violate § 2607(a) and (b) in the March 2010 amended complaint, Plaintiff cannot bring these claims because they are time barred in that they are raised over five years after the August 2004 loan closing.  *See* 12 U.S.C. § 2614.

Plaintiff also complains that the Controlled Business Arrangement Disclosure required under 12 U.S.C. § 2607(c)(4) was not provided.  [Doc. 3 at 2].  RESPA does not prohibit affiliated business arrangements so long as disclosure of the arrangement is made and a written estimate of the charge is made.  12 U.S.C. § 2607(c)(4)(A). Plaintiff's complaint about not receiving this disclosure appears to reference the lack of disclosures associated with the August 2004 loan closing, so it is barred by the one

Plaintiff used a form complaint suggests that there were no exceptional circumstances. Second, Plaintiff has not responded to the motion to dismiss and therefore has raised no arguments to warrant having the court toll these limitations periods.

14

year statute of limitations since Plaintiff waited until March 2010 to bring the claim. *See* 12 U.S.C. § 2614.

The undersigned additionally concludes that Plaintiff's claims for damages under TILA and HOEPA (assuming that these provisions apply[7]) are time barred. Again, Plaintiff's claims about not receiving certain disclosures arose in August 2004 when the loan closed. Plaintiff waited until March 2010 to file the lawsuit raising these claims for damages under TILA and HOEPA. These claims for damages are therefore untimely because they were filed well after the one year statute of limitations. *See* 15 U.S.C. § 1640(e).

Accordingly, the undersigned **RECOMMENDS** that the TILA, HOEPA, and 12 U.S.C. § 2607 claims against Defendants be **DISMISSED** because these claims are time barred.

---

[7] Plaintiff alleges that her August 2004 loan was used to purchase the Johns Hopkins residence. [Doc. 3 at 1-2]. HOEPA does not apply to transactions in which the loan is used to purchase the primary residence. *See* 15 U.S.C. § 1602(aa), 1602(w); *Phan v. Accredited Home Lenders Holding Co.*, No. 3:09-cv-328, 2010 WL 1268013, *4 (M.D. Fla. Mar. 29, 2010).

15

c.       *12 U.S.C. § 2604*

Plaintiff complains that Defendants did not provide the "Special Information Booklet, containing consumer information." [Doc. 1 at 2]. MERS argues that RESPA does not authorize a civil action for failing to provide this booklet. [Doc. 6 at 5 n.7]. Under 12 U.S.C. § 2604, a lender "shall provide" within 3 days of a loan application a booklet to help borrowers understand the cost of real estate settlement services. 12 U.S.C. § 2604(d). Courts have uniformly concluded that an individual cannot bring a civil action when a lender fails to provide this booklet because RESPA does not authorize such a suit. *See, e.g.*, *Dixon v. Countrywide Home Loans, Inc.*, --- F. Supp. 2d ----, 2010 WL 1838658, *3 (S.D. Fla. May 7, 2010) ("Section 2604 (which requires the provision of . . . the HUD special information booklet) does not provide a private cause of action."); *Price v. EquiFirst Corp.*, No. 1:08-cv-1860, 2009 WL 917950, *5 (N.D. Ohio Apr. 1, 2009); *cf. Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997) (holding that there is no private right of action for a violation of 12 U.S.C. § 2604(c)). As a result, the undersigned concludes that Plaintiff cannot state a claim against MERS (or the other Defendants) for not receiving the special information booklet.

16

Accordingly, the undersigned **RECOMMENDS** that the 12 U.S.C. § 2604 claim against Defendants be **DISMISSED**.[8]

    *d.*    *12 U.S.C. § 2605*

Plaintiff has alleged: "A minimum of 15 days were [sic] not given to the Plaintiff before the transfer as required by Federal law." [Doc. 1 at 2]. Defendants argue that

---

[8]   The dismissal for MERS will be pursuant to its motion to dismiss, but the dismissal for Benchmark and Citimortgage will be *sua sponte* by the Court. A court may not *sua sponte* dismiss claims under Rule 12(b)(6) "where: 1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007) (citing *Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc.*, 695 F.2d 524, 527 (11th Cir. 1983)). None of these circumstances will be present when the District Court issues its order, thereby allowing the Court to *sua sponte* dismiss certain claims. First, Plaintiff no longer has a right to file an amended complaint as a matter of course because she filed an amended complaint prior to the motions to dismiss being filed. *See* FED. R. CIV. P. 15(a)(1), (2). Second, that Plaintiff filed the same boilerplate complaint as many other litigants suggests that her claims were not brought in good faith. Third, this Report and Recommendation ("R&R") will serve as notice of the District Court's intention to *sua sponte* dismiss the § 2605 claims against Benchmark and Citimortgage. *See Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (Martin, J., adopting Baverman, M.J.); *see also Shivers*, 262 Fed. Appx. at 125, 127 (approving *sua sponte* grant of summary judgment where R&R recommended dismissal *sua sponte* and court gave notice for plaintiff to respond to R&R). As a result, the undersigned concludes that the District Court may *sua sponte* dismiss these claims.

17

this allegation is insufficient to state claims against them.  [*See* Doc. 7 n.14; Doc. 10

at 6 n.3].[9]

RESPA requires that a borrower be given notice of an assignment or transfer of

a loan.  Under 12 U.S.C. § 2605(b), the servicer of a federally related mortgage loan

must give notice to the borrower of the assignment or transfer of the loan "not less than

15 days before the effective date of transfer of the . . . loan."  12 U.S.C. § 2605(b)(1),

(2)(A).  Under 12 U.S.C. § 2605(c), the transferee of a federally related mortgage loan

"shall notify the borrower of any such assignment, sale or transfer."   12 U.S.C.

§ 2605(c)(1).  This notice "shall be made to the borrower not more than 15 days after

the effective date of transfer of the servicing of the mortgage loan."   12 U.S.C.

§ 2605(c)(2).

The undersigned concludes that Plaintiff has not alleged facts to state a claim

against Benchmark under 12 U.S.C. § 2605(b) or against Citimortgage under 12 U.S.C.

---

[9]       MERS has argued that the § 2605 claims should be dismissed as
untimely.  [*See* Doc. 6 at 5 n.7].  Plaintiff's complaint provides, however, no dates for
the court to discern whether the § 2605 claims are untimely, so the allegations in a
complaint do not "show that relief is barred by the applicable statute of limitations."
*Jones*, 549 U.S. at 215.  As a result, the undersigned will not recommend dismissal on
this ground.  Since MERS has not offered an alternative basis for dismissal of the
§ 2605 claims, the undersigned will recommend that the District Court *sua sponte*
dismiss these claims as they relate to MERS for the reasons outlined in the main text,
namely Plaintiff's allegations are insufficient under both § 2605(b) and § 2605(c).

AO 72A
(Rev.8/8
2)

§ 2605(c). Plaintiff's allegation that she was not given notice 15 days prior to the transfer implicates, Benchmark, the loan servicer, not Citimortgage, the current transferee. As outlined above, RESPA provides two different notice requirements depending on the status of the party. The servicer of the loan must give notice 15 days before the effective date of the transfer of a loan. *See* 12 U.S.C. § 2605(b)(1), (2). The assignee or transferee must give notice "within 15 days after the date of the transfer, not 15 days before the transfer. *See* 12 U.S.C. § 2605(c)(2)(A). The language from the complaint about giving notice before the transfer does not allow Plaintiff to state a claim under § 2605(c) against Citimortgage because Citimortgage had to give notice 15 days after the transfer.[10]

As for Benchmark, the undersigned concludes that the allegations in Plaintiff's complaint are insufficient to state a claim under § 2605(b). As stated above, § 2605(b)

---

[10]      *See* Docs. 16 (R&R), 19 (Order adopting R&R) in *Ajavon v. Countrywide Home Loans et al.*, 1:09-cv-104-TCB. In *Ajavon*, the plaintiff's complaint provided the same factual allegations about the transfer of the loan as this case, namely that: (1) the loan had been transferred "several times to several servicing Companies," Doc. 1 at 3 in *Ajavon*, 1:09-cv-104-TCB; (2) "[t]he loan was then transferred/purchase[d] by Countrywide Home Loans Without prior notice," *id.* Given these allegations, Magistrate Judge Johnson concluded that there was no violation under 12 U.S.C. § 2605(c) because Countrywide Home Loans as the transferee had no obligation to give prior notice. *See* Doc. 16 at 16 in *Ajavon*, 1:09-cv-104. The undersigned finds this reasoning persuasive for dismissing Citimortgage.

19

requires the loan servicer to provide notice prior to the transfer.  Benchmark was the

servicer of the loan at some point, but Plaintiff has alleged that her loan "has been

transferred several times to several servicing companies." [Doc. 3 at 2].  Since Plaintiff

has not specified which of the many loan servicers failed to give the required notice,

the undersigned concludes that Plaintiff has not stated a claim against Benchmark under

§ 2605(b)(2)(A).[11]

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's claims against

Citimortgage and Benchmark under 12 U.S.C. § 2605 be **DISMISSED**.

e.    *Rescission*

Plaintiff seeks rescission of the August 2004 loan under TILA, HOEPA, and the

UCC.  [*See* Doc. 1 at 3].  Defendants argue that Plaintiff has not stated claims for

rescission under TILA because the rescission claims are time barred.  [Doc. 6 at 6-7;

Doc. 7 at 6; Doc. 10 at 7].  They have not addressed Plaintiff's contention that she was

entitled to rescission under the UCC.  The undersigned addresses both statutes.

---

[11]    *See* Doc. 16 at 16 in *Ajavon*, 1:09-cv-104-TCB ("Although [plaintiff] was
entitled to advance notice from the transferor that her loans were being transferred . . .,
she failed to state in her Complaint which defendant, if any, was the offending
transferor.[]  Without more, the Court cannot conclude that plaintiff has stated a claim
pursuant to § 2605(b)(2)(A).") (footnote omitted and emphasis in original).

20

*i.  TILA and HOEPA*

"TILA and HOEPA both allow for [the remedy of] . . . rescission.  *Allen v. United Fin. Mortg. Corp.*, 660 F. Supp. 2d 1089, 1094 (N.D. Cal. 2009). Under 15 U.S.C. § 1635,

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction . . . by notifying the creditor . . ., in accordance with the regulations . . ., of his intention to do so.

15 U.S.C. § 1635(a).  The rescission remedy "does not apply to . . . a residential mortgage transaction," *id.* § 1635(e), *i.e.*, a transaction in which a security interest from an installment sales contract is created against the consumer's dwelling to finance the acquisition of the primary dwelling, *id.* § 1602(w).  *Weingartner v. Chase Home Fin., LLC*, --- F. Supp. 2d ----, ----, 2010 WL 1006708, *7 (D. Nev. Mar. 15, 2010).  When a consumer has the right to rescind  under § 1635, she "may rescind the transaction as against any assignee of the obligation." 15 U.S.C. § 1641(c).  Thus, a creditor who fails to comply with the rescission requirements under § 1635 is liable, *Parker v. Potter*, 232 Fed. Appx. 861, 864 (11th Cir. 2007), and an assignee is also "liable for rescission," *id.* at 865.  This right to rescission under HOEPA and TILA expires three years after

21

the transaction. *See Thielen v. GMAC Mortg. Corp.*, 671 F. Supp. 2d 947, 954-55 (E.D. Mich. 2009).

The undersigned concludes that Plaintiff's TILA/HOEPA rescission claims against Defendants are subject to dismissal because they are time barred given that Plaintiff waited well past the three year expiration date to seek rescission. The loan transaction at issue was consummated in August 2004, which means that Plaintiff had until August 2007 to seek rescission. Plaintiff waited, however, until March 2010 to rescind her the transaction. As a result, Plaintiff's rescission claims are time barred.

Accordingly, the undersigned **RECOMMENDS** that Plaintiff's rescission claims against Defendants under HOEPA and TILA be **DISMISSED**.

### ii. *Uniform Commercial Code*

The undersigned concludes that Plaintiff's claim for rescission under the UCC should be dismissed *sua sponte*. "In 1962 Georgia adopted the Uniform Commercial Code (UCC), which has as its stated purpose the provision of a uniform system for dealing with commercial transactions." *Bank of Cave Spring v. Gold Kist, Inc.*, 173 Ga. App. 679, 683, 327 S.E.2d 800, 804 (1985) (citing O.C.G.A. § 11-1-102). "The revised UCC is now codified at O.C.G.A., Title 11." *Id.* The undersigned has found no provision in the UCC as codified by Georgia that allows for the rescission of

22

a residential mortgage loan.  The undersigned recognizes that the UCC references rescission.  *See*, O.C.G.A. §§ 11-2-209, 11-2-270, 11-2A-208, 11-2A-505, 11-3-202. The provisions from Article 2 and Article 2A do not apply to residential mortgages. *See* O.C.G.A. § 11-2-102 (stating that Article 2 applies to transactions in goods, not security transactions); *Lake Tightsqueeze, Inc. v. Chrysler First Fin. Servs. Corp.*, 210 Ga. App. 178, 180, 435 S.E.2d 486, 488 (1993) (noting that Article 2 does not apply to financing of residential lots, only the sale of goods); O.C.G.A. § 11-2A-102 (stating that Article 2A applies to a transaction that creates a lease).  As for the Article 3 rescission provision, this speaks of rescission of a negotiation, O.C.G.A. 11-3-202, *i.e.*, the rescission of a transfer of possession of a negotiable instrument, *id.* § 11-3-201(a), but Plaintiff seeks rescission of her loan.[12]  Also, the undersigned has found no case law in which a home loan was rescinded under the UCC.  As such, the undersigned is unaware of any provision in the UCC that permits the rescission of Plaintiff's residential loan transaction.  Plaintiff therefore cannot state a claim for rescission under the UCC.

───────────────

[12]    The undersigned additionally notes that Article 9 of the UCC also seems to be inapplicable to Plaintiff's claims concerning the August 2004 loan because "Article 9 does not apply 'to the *creation* or *transfer* of an interest in or lien on real estate[.]" *Chen v. Profit Sharing Plan of Donald H. Bohne, DDS, P.A.*, 216 Ga. App. 878, 881, 456 S.E.2d 237, 241 (1995) (quoting O.C.G.A. § 11-9-104(h)).

23

Accordingly, the undersigned **RECOMMENDS** that the District Court *sua*

*sponte* **DISMISS** Plaintiff's claims for rescission under the UCC against Defendants.

### f.      *FCRA, ECOA, and FTC Act*

Defendants argue that Plaintiff has not stated claims under the FCRA, the ECOA,

and the FTC Act.   [Doc. 6 at 3 n.4; Doc. Doc. 7 at 9-11; Doc. 10 at 7[13]].   The

undersigned agrees.  First, the undersigned concludes that Plaintiff has not pleaded facts

to demonstrate that Plaintiff suffered injury "from [Defendants' v]iolations of 5(c) of

the FTC Act, . . . the ECOA's Regulation B, and the FCRA."  [Doc. 3 at 5].   When

faced with similar allegations in a similar complaint, the District Court for the Middle

District of Georgia stated that the complaint could not survive because it "solely

consist[ed] of legal conclusions that Defendants violated the particular statutes" and

provided no "specific factual bases to support these claims."  *Bowen v. GMAC Mortg.,*

---

[13]      Although Citimortgage's argument that Plaintiff has not alleged any wrongdoing against it does not specifically mention the FTC, FCRA, or ECOA, [*see* Doc. 10 at 7], the undersigned gives Citimortgage the benefit of the doubt and assumes that its argument meant to cover these provisions.  Alternatively, even if Citimortgage's arguments are insufficient, the undersigned **RECOMMENDS** that these claims against Citimortgage be **DISMISSED** *sua sponte* for the same reasons outlined in the main text.

24

*LLC*, No. 5:10-cv-36, 2010 WL 1740779, *2 (M.D. Ga. Apr. 28, 2010).[14]  As such,

Plaintiff in this case has not stated claims against Defendants under these statutes by

merely listing them in the prayer for relief section of the complaint.  *See id.*

Also, the undersigned is persuaded that the *Bowen* court's alternative basis for

finding that the plaintiff did not state a claim applies equally to Plaintiff's claims

against MERS, Benchmark, and Citimortgage.  In *Bowen*, the District Court stated:

> The essence of Plaintiff's factual assertions-that he never received all the
> necessary disclosure documents at the closing of his Loan and that he was
> charged excessive fees-have no relation to the pertinent statutes.  The
> FTCA prohibits unfair competition and deceptive practices affecting
> commerce, the ECOA prohibits discrimination with respect to credit
> transactions, and the FCRA regulates how consumer credit information is
> collected, used, and shared.

*Id.*, 2010 WL 1740779 at *3.  Similarly, the essence of Plaintiff's case is that Plaintiff

did not receive disclosures and was charged excessive fees.  As such, the Court

concludes that Plaintiff has not stated claims against Defendants under the FTC Act,

the ECOA, and the FCRA.  *See id.*  Accordingly, the undersigned **RECOMMENDS**

that the FTC Act, ECOA, and FCRA claims against Defendants be **DISMISSED**.

---

[14]    The Complaint in *Bowen v. GMAC Mortg.*, 5:10-cv-36, is materially
similar to the one filed by Plaintiff in the instant case.  *See* Complaint within Notice of
Removal at Doc. 1 in *Bowen*.

25

**Conclusion**

For all of the reasons discussed above, the undersigned **RECOMMENDS** that the District Court: (1) *sua sponte* **DISMISS** Promortgage pursuant to FED. R. CIV. P. 4(m); (2) **GRANT** the motions to dismiss by MERS, Benchmark, and Citimortgage, [Docs. 6, 7, 10]; (3) *sua sponte* **DISMISS** Plaintiff's claims for rescission under the UCC against all Defendants; (4) *sua sponte* **DISMISS** Plaintiff's 12 U.S.C. § 2604 claims against Benchmark and Citimortgage; and (5) *sua sponte* **DISMISS** Plaintiff's 12 U.S.C. § 2605(c) claims against MERS.[15]

---

[15]     The Eleventh Circuit has stated "that district courts [should] not dismiss a complaint with prejudice without first giving the [*pro se*] plaintiff an opportunity to amend the complaint if a more carefully drafted complaint might state a claim." *See Taylor v. McSwain*, 335 Fed. Appx. 32, 33 (11th Cir. 2009) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) *overruled on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (*en banc*)). "Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not state a valid claim." *Jemison v. Mitchell*, No. 09-15635, 2010 WL 2130624 at *2 (11th Cir. May 27, 2010). Plaintiff should not be afforded an opportunity to amend in this case. First, Plaintiff has not substantively responded to the motion to dismiss and therefore has demonstrated that she has little interest in her case and amending her complaint. Second, by not responding, Plaintiff has not presented any arguments that her claims have any merit to warrant giving her an opportunity to amend the complaint. Third, Plaintiff's "canned"/generic/boilerplate complaint demonstrate that she likely filed suit to forestall the foreclosure of or dispossession from the Johns Hopkins residence. Based on all these factors, the undersigned **RECOMMENDS** that the District Court **NOT PROVIDE** Plaintiff with an opportunity to amend her complaint pursuant to *Bank v. Pitt*.

AO 72A
(Rev.8/8
2)

The undersigned also **DIRECTS** the Clerk to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this the 3rd day of August, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

27